UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL A. WILLIAMS | ) | CASE NO. 17-10722(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| CNH INDUSTRIAL CAPITAL AMERICA LLC | ) | AP NO. 17-1026 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PAUL A. WILLIAMS | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of CNH Industrial Capital America LLC ("CNH") against the Debtor Paul A. Williams ("Debtor"). The Court reviewed the Motion of CNH and the Response of the Debtor. For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** CNH's Motion for Summary Judgment.

## UNDISPUTED FACTS

In March and June of 2013, the Debtor and CNH entered into two Retail Installment Sale Contracts and Security Agreements and UCC Financing Statements under which CNH loaned money to the Debtor to purchase two pieces of farm equipment described as "New Holland Round Balers," "Ford Tractors" and a "Landpride Rotary Cutter," with the loans being secured by the equipment.

In 2014, the Debtor and CNH entered into a Retail Installment Sale Contract and Security Agreement and UCC Financing Statement under which CNH loaned money to the Debtor for the purchase of farm equipment described as "New Holland T6 Tractors" and "New Holland Loaders," with the loan secured by the equipment.

On July 25, 2017, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

At the Section 341 First Meeting of Creditors, Debtor admitted that he sold the equipment securing CNH's loans and failed to pay the proceeds of those sales to CNH.

On September 28, 2017, CNH filed an Adversary Proceeding against Debtor asserting that the debt owed by Debtor to CNH on the three loans for farm equipment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

On November 13, 2017, Debtor filed his Answer to CNH's Complaint and admitted that CNH is the holder of secured claims against Debtor arising from the three Retail Installment Sale Contracts, Security Agreements and UCC Financing Statements referenced above, as well as the amounts owed on the equipment, and that he sold the collateral under lien to the Plaintiff.

Debtor also admitted in his Answer to the Complaint that under the terms of the Retail Installment Sales Contracts and Security Agreements, he was to take all steps necessary to continually protect the interest of CNH in the collateral.

In his Response to CNH's Motion for Summary Judgment, Debtor stated the following regarding the 2013 Retail Installment Contracts:

> Defendant readily admitted that he sold the equipment under these contracts in order to pay for feed for his cattle. Debtor had hoped that his cattle operation would improve to the point where he could pay back CNH. Unfortunately, debtor's cattle operations failed and he was unable to continue paying on these two retail contracts.

Debtor's Response at p. 2.

Debtor also stated in his Response to the Motion for Summary Judgment that under the third Retail Installment Contract, No. 0313529877-07089005,

> Debtor testified at the §341 Meeting of Creditors that the equipment under this contract was seized by Burkman Feed to pay toward a past due feed bill. CNH has been able to retrieve the equipment from Burkman Feed and/or settle with Burkman Feed, resulting in the substantially reduced balance.

Debtor's Response at p. 2.

Debtor also denied in his Response that his actions were "willful and malicious" under 11 U.S.C. § 523(a)(6).

## **LEGAL ANALYSIS**

In order to have a debt excepted from discharge under 11 U.S.C. § 523(a)(6), a creditor must show both willfulness and malicious intent. The Supreme Court stated that the term "willful" modifies the word "injury" in the statute. *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57 (1998). Nondischargeability requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Id.* at 61. The Sixth Circuit has stated that in light of *Geiger* a creditor must prove debtor either (1) intended to cause injury to the creditor or their property; or (2) engaged in an intentional act which the debtor knew was substantially certain to result in injury. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999); *C-Plant Fed. Credit Union v. Heflin (In re Heflin)*, 326 B.R. 696, 699 (Bankr. W.D. Ky. 2005), citing *Call Fed. Credit Union v. Sweeney (In re Sweeney)*, 264 B.R. 866, 871 (Bankr. W.D. Ky. 2001). An "injury" may include conversion of property, which is purposefully depriving a rightful owner of his property permanently or for an

extended period of time. *Id.* "Motive and good faith are immaterial to a finding of conversion." *Id.*

A debtor is unlikely, if ever, to admit that he or she intended to cause injury, or that he or she was substantially certain that an injury would result from their actions. Case law, therefore, provides that a creditor may prove this by circumstantial evidence. *Sweeney*, 264 B.R. at 872. A willful injury may be proven indirectly by showing that the debtor knew of the creditor's lien rights; yet, still took action knowing that doing so would violate these rights. *Id.* at 866.

Here, the undisputed facts establish that the Debtor was well aware of CNH's lien rights under the Retail Installment Contracts, as well as his duty under the Security Agreements to take all steps necessary to protect CNH's interest in the collateral. By converting the equipment and selling it without CNH's consent, Debtor's actions were "willful" per the meaning of the term in 11 U.S.C. § 523(a)(6).

The next element that creditor must prove to succeed under § 523(a)(6), is that the debtor acted maliciously with respect to creditor's collateral. In the case of *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 803 (Bankr. N.D. Ohio 2001), the Court stated that the creditor can prove the existence of a malicious injury where the debtor acts in conscious disregard of his duties or without just cause or excuse. The same facts that established that Debtor acted willfully also established that he acted "maliciously" with regard to his treatment of CNH's collateral. Debtor admitted that under the Retail Installment Sales Contracts, he was required to continuously protect CNH's interest in the collateral. His actions in selling the equipment without CNH's permission, establishes that his actions were in conscious disregard of his duties under the agreement he had with CNH.

Debtor contends he knowingly sold the collateral, but hoped to ultimately repay CNH by using the proceeds to support his cattle operation which would allow him to repay CNH. Unfortunately for Debtor, this failed scheme and his intent to repay the Creditor is insufficient to negate the elements of § 523(a)(6).

The test for maliciousness in the context of § 523(a)(6) does not focus on Debtor's subjective intent to repay. *Kraus Anderson Capital, Inc. v. Bradley (In re Bradley)*, 507 B.R. 192 (B.A.P. 6th Cir. 2014).

> Malicious 'means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm.' *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986). Stated differently; [t]here must also be a consciousness of wrongdoing. . . . It is this knowledge of wrongdoing, not the wrongfulness of the debtor's actions, that is the key to malicious under § 523(a)(b).' *ABF, Inc. v. Russell (In re Russell)*, 262 B.R. 449, 455 (Bankr. N.D. Ind. 2001). ...

*Id.* at 204. The Court concludes Debtor acted maliciously as defined by § 523(a)(6). Debtor acted in conscious disregard of CNH's security interest. Debtor knew that keeping the proceeds from the unauthorized sale of the equipment was wrongful under the terms of his agreement with CNH. His subjective intent to eventually repay CNH is irrelevant. There is no evidence that Debtor acted with just cause or excuse. The Court therefore, finds that the debts owed to CNH under the first two Retail Sale Contracts are nondischargeable under 11 U.S.C. § 523(a)(6).

The equipment under lien to the Debtor under the third Retail Sale Contract, however, was not sold by the Debtor, but rather was repossessed by a feed company for one of Debtor's overdue feed bills. The facts regarding the disposition of the collateral under this contract, as well as the amount of the debt on the third contract are in dispute and the Court cannot grant summary judgment on this claim. The Court, therefore, must deny CNH's Motion for Summary Judgment on the equipment under the third Retail Installment Sale Contract. Therefore, by separate Order, the Court

will schedule a hearing to determine the validity of the claim of CNH under the third Installment Sale Contract.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order granting summary judgment on Counts I and II of CNH's Complaint against Debtor Paul A. Williams. The Court will deny summary judgment on Count III of the Complaint of CNH and schedule that matter for a hearing.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 5, 2018

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL A. WILLIAMS | ) | CASE NO. 17-10722(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| CNH INDUSTRIAL CAPITAL AMERICA LLC | ) | AP NO. 17-1026 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PAUL A. WILLIAMS | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Creditor CNH Industrial Capital America LLC is entitled to summary judgment as a matter of law on Count I of its Complaint in the amount of $17,230.65 as of August 25, 2017, plus finance charges thereon at the rate of 2.66% per annum from August 25, 2017 until paid in full, plus attorney's fees and costs;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Creditor CNH Industrial Capital America LLC is entitled to summary judgment as a matter of law on Count II of its Complaint in the amount of $13,474.23 as of August 25, 2017, plus finance charges thereon at the rate of 6.99% per annum from August 25, 2017 until paid in full, plus attorney's fees and costs;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that summary judgment on Count III of the Complaint of CNH Industrial Capital America LLC, be and hereby is, **DENIED**. The Court will, by separate Order, schedule an evidentiary hearing on this claim.

/s/ Joan A. Lloyd
Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 5, 2018